United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 19-13958-elf
John Patrick Kerr                                                         Chapter 13
         Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2        User: Virginia         Page 1 of 1             Date Rcvd: Oct 31, 2019
                            Form ID: pdf900        Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 02, 2019.
db            John Patrick Kerr,    430 Ashley Drive,    Hatboro, PA   19040-1222

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                          TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 02, 2019                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 31, 2019 at the address(es) listed below:
              ALBERT J. SCARAFONE, JR.    on behalf of Debtor John Patrick Kerr scarafone@comcast.net,
               ascarafone@gmail.com;r39418@notify.bestcase.com
              JEROME B. BLANK    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION, ET.AL. paeb@fedphe.com
              KERI P EBECK    on behalf of Creditor    Specialized Loan Servicing, LLC, as servicer for Morgan
               Stanley Mortgage Loan Trust 2007-8XS, U.S. Bank National Association, as Trustee, successor in
               interest to Bank of America, National Association kebeck@bernsteinlaw.com,
               jbluemle@bernsteinlaw.com
              KEVIN G. MCDONALD    on behalf of Creditor    Deutsche Bank National Trust Company, as Indenture
               Trustee, for New Century Home Equity Loan Trust 2006-1 bkgroup@kmllawgroup.com
              MARIO J. HANYON    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION, ET.AL. paeb@fedphe.com
              REBECCA ANN SOLARZ    on behalf of Creditor    Deutsche Bank National Trust Company, as Indenture
               Trustee, for New Century Home Equity Loan Trust 2006-1 bkgroup@kmllawgroup.com
              THOMAS YOUNG.HAE SONG    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION, ET.AL.
               paeb@fedphe.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com,
               philaecf@gmail.com
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,    philaecf@gmail.com
                                                                                             TOTAL: 10

Stip affects plan
confirmation 11/26/19

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| John Patrick Kerr <br> _Debtor_ | CHAPTER 13 |
| Deutsche Bank National Trust Company, as Indenture Trustee, for New Century Home Equity Loan Trust 2006-1 <br> _Movant_ <br> vs. | NO. 19-13958 ELF |
| John Patrick Kerr <br> _Debtor_ | 11 U.S.C. Section 362 |
| William C. Miller, Esquire <br> _Trustee_ | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$5,660.60**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | July 2019 to October 2019 at $1,157.40/month |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$5,660.60** |

2. The Debtor shall cure said arrearages in the following manner:

   a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$5,660.60.**

   b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$5,660.60** along with the pre-petition arrears;

   c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due November 1, 2019 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $1,157.40 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: October 3, 2019    By: /s/ Rebecca A. Solarz, Esquire
    Attorney for Movant

Date: October 25, 2019    /s/ Albert J. Scarafone, Jr., Esquire
    Albert J. Scarafone, Jr., Esquire
    Attorney for Debtor

Date: 10/28/19    
    William C. Miller, Esquire    NO OBJECTION
    Chapter 13 Trustee    *without prejudice to any
        trustee rights and remedies.

### ORDER

Approved by the Court this 31st day of October, 2019. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Eric L. Frank